UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61092-CIV-COHN

LENNON ANDERSON,

    Plaintiff,

vs.

VANGUARD CAR RENTAL USA, INC.

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## ORDER DENYING MOTIONS FOR SANCTIONS

**THIS CAUSE** is before the Court upon Defendant's Motion for Summary Judgment [DE 5], Plaintiff's Motion to Strike Defendant's Motion [DE 6] and Affidavit in support thereof [DE 7], Defendant's Response to Motion to Strike [DE 9], Plaintiff's Reply in support of Motion to Strike [DE 10], Defendant's Motion to Strike Plaintiff's (Second) Affidavit [DE 13], Plaintiff's Response to Defendant's Motion to Strike [DE 14], Plaintiff's Motions for Sanctions [DE 20], Defendant's Cross-Motion for Sanctions [DE 25/26] and Plaintiff's Motion to Compel Discovery [DE 36].  The Court has carefully considered all of the motions, responses and replies thereto, and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiff Lennon Anderson ("Plaintiff" or "Anderson") filed this action against his former employer, Vanguard Car Rental USA Inc. ("Defendant" or "Vanguard"), asserting claims of race discrimination (Count I), breach of employment contract (Count II), and retaliation (Count III), all based upon the allegation that Plaintiff could not comply with

Vanguard's allegedly race-based servicing standard.  Plaintiff was employed by Vanguard's predecessor, National Car Rental, Inc., as a service agent at its rental car facility at Fort Lauderdale-Hollywood International Airport in Broward County, Florida.  The underlying basis of this action is Defendant's suspension and termination of Plaintiff as a service agent.  Plaintiff asserts that these claims arise under 42 U.S.C. § 1981.  Complaint, ¶¶ 74-75.

Plaintiff complained to Defendant's supervisors and management while employed that their quantity-based servicing standard requiring servicing of four vehicles per hour was impossible to comply with and still meet Defendant's quality standards.  Plaintiff alleges that because he followed the quality standards, he was suspended and later terminated.   After forty (40) paragraphs explaining these allegations, Plaintiff alleges that 99.9 percent of service agents were black and subjected to a race-based standard of servicing four vehicles per hour.  Compl., ¶ 41.  The temporary workers Defendant hired were Hispanic and were allegedly not subjected to the same servicing standards of the black service agents.  Id., ¶ 43.  Plaintiff asserts that one of the non-White Hispanic managers placed "very dirty" vehicles in Plaintiff's work station and then commented negatively about Plaintiff's work productivity  Id., ¶¶ 45-49.  Finally, Plaintiff alleges that Defendant violated its own disciplinary process in punishing Plaintiff.  Id., ¶¶ 51 - 61.  Plaintiff seeks twenty million of dollars in compensatory and punitive damages.

In a related prior action referenced briefly in the Complaint in this action (see ¶ 50), based upon the same nucleus of operative fact, Plaintiff's Second Amended Complaint raised related claims against Vanguard.  See Anderson v. Vanguard Car

Rental, USA, Inc., Case No. 05-61359-Civ-DLG.  In the 2005 action, Plaintiff alleged deliberate indifference to constitutional rights under the 5th and 13th Amendments; conspiracy to deprive persons of constitutional rights under 42 U.S.C. § 1985(3) (Count I); "Outrageous Conduct," (legally known as intentional infliction of emotional distress) (Count II); breach of contract (Count III); conspiracy to violate civil rights (Count IV); and wrongful termination (Count IV).  See DE 5-2 in this case and DE 44 in Case 05-61389-Civ.  The United States District Court dismissed the claims in Counts I and IV with prejudice as there were no allegations of racial animus.  DE 56 in Case 05-61389-Civ.  The prior Court noted that Plaintiff had voluntarily dismissed the state law claims in Counts II, III and V.  Id. at p. 2.  That judgment was affirmed on appeal, and the United States Supreme Court denied certiorari on October 13, 2009.  Notice in Support of Defendant's Motion for Summary Judgment [DE 11].

In the present action, Defendants filed a motion for final summary judgment based upon res judicata.  Plaintiff opposes the motion.

## II.  DISCUSSION

### A.  Res Judicata

Defendant asserts that the prior decisions in the previous case preclude the claims in this case on grounds of res judicata (also referred to as "claim preclusion"). The Eleventh Circuit standard for res judicata is:

> A party seeking to invoke res judicata must show that the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action. *In*

3

re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir.2001).

Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1269 (11th Cir. 2002).  In this case, there is no dispute over the first and third elements.  The prior decision, described above, was rendered by a court of competent jurisdiction, and involved the same parties.  The second element cannot now be disputed, given the denial of certiorari by the United States Supreme Court.  The real dispute, however, is whether the same causes of action are involved.

Whether the causes of action are the same must be analyzed using the following test:

> "The principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." In other words, a court "must look to the factual issues to be resolved [in the second cause of action], and compare them with the issues explored in" the first cause of action. "It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata."

Citibank, N.A. v. Data Lease Financial Corp., 904 F.2d 1498, 1503 (11th Cir. 1990) (internal citations omitted); Ragsdale v. Rubbermaid, Inc.,193 F.3d 1235, 1239 (11th Cir. 1999); Trustmark, 299 F.3d at 1270 (claims for fraud and negligent misrepresentation properly barred in second suit following breach of contract suit).

Although Plaintiff is suing under a Section 1981 theory in this action rather than the Section 1985 theory used in the first lawsuit, the factual issues to be resolved arise from the same nucleus of operative fact as in the first action.  There are no additional facts concerning the actions of Defendant in suspending and terminating plaintiff with

4

regard to the alleged race-based quantity standards that were not alleged and ruled upon in the first action.  Though perhaps these claims are more appropriately labeled as Section 1981 claims rather than Section 1985 claims, the causes of action are based on the same nucleus of operative fact, and, could have and should have been brought in the earlier case.  Therefore, the fourth element for res judicata is met.

Plaintiff argues that res judicata cannot apply because Plaintiff voluntarily dismissed his state law claims in the prior lawsuit.  However, the prior decision granting a motion to dismiss with prejudice did address the race-based claims brought under Section 1985, and this Court concludes that the present Section 1981 race-based federal claims are therefore barred by res judicata.  The Court will enter summary judgment in favor of Defendant.

### B.  Motions for Sanctions

Each side has moved for sanctions against the other side.  Plaintiff moves for sanctions against Defendant's counsel for the filing of the motion for summary judgment and for filing of the motion to strike Plaintiff's Affidavit.  Plaintiff essentially argues that Defendant's motion for summary judgment is based upon factual misrepresentations.  Defendant responds to this argument by noting that Plaintiff simply disagrees with Defendant's argument, which is not a grounds to impose sanctions.  Rather, Defendant filed a cross motion for sanctions against Plaintiff for the filing of Plaintiff's Motion for Sanctions.  Upon a review of the entire record, the Court will deny both motions for sanctions.

## III.  CONCLUSION

The Court concludes that Defendant is entitled to summary judgment on Plaintiff's claims.  In addition, because Plaintiff had previously had these federal discrimination claims dismissed with prejudice, the Court concludes that the summary judgment in this case shall also be with prejudice.  The Court shall enter a final summary judgment in favor of Defendant on all claims brought in this action.  This decision should have no bearing on the state court claims that may be pending in state court.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment [DE 5] is hereby **GRANTED**;

2. Plaintiff's Motion to Strike Defendant's Motion [DE 6] is hereby **DENIED**;

3. Defendant's Motion to Strike Plaintiff's (Second) Affidavit [DE 13] is hereby **DENIED**;

4. Plaintiff's Motions for Sanctions [DE 20] and Defendant's Cross-Motion for Sanctions [DE 25/26] are hereby **DENIED**;

5. All other pending motions are hereby **DENIED as moot**;

6. The Court will separately enter summary judgment for Defendant on all claims.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of February, 2010.

*[signature]*
JAMES I. COHN
United States District Judge

copies to:
Lennon Anderson, pro se
Steven A. Siegel, Esq.