UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61092-CIV-COHN

LENNON ANDERSON,

    Plaintiff,

vs.

VANGUARD CAR RENTAL USA, INC.

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT**
**ORDER DENYING DEFENDANT'S MOTION TO TAX COSTS**

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Alter Judgment [DE 44], Defendant's Response [DE 46], Plaintiff's Reply thereto [DE 47], Defendant's Motion to Tax Costs [DE 45], Plaintiff's Response [DE 48], and Defendant's Reply thereto [DE 49]. The Court has carefully considered all of the filings and is otherwise fully advised in the premises.

I.  BACKGROUND

Plaintiff Lennon Anderson ("Plaintiff" or "Anderson") filed this action against his former employer, Vanguard Car Rental USA Inc. ("Defendant" or "Vanguard"), asserting claims of race discrimination (Count I), breach of employment contract (Count II), and retaliation (Count III), all based upon the allegation that Plaintiff could not comply with Vanguard's allegedly race-based servicing standard. Plaintiff was employed by Vanguard's predecessor, National Car Rental, Inc., as a service agent at its rental car facility at Fort Lauderdale-Hollywood International Airport in Broward County, Florida. The underlying basis of this action is Defendant's suspension and termination of Plaintiff as a service agent.

This Court granted summary judgment to Defendant based upon res judicata because Plaintiff could have raised the claims in the prior federal action between the same parties. See Anderson v. Vanguard Car Rental, USA, Inc., Case No. 05-61359-Civ-DLG.  Plaintiff now moves to alter the judgment, while Defendant moves to tax costs in the amount of $93.45.

## II.  DISCUSSION

### A.  Motion to Alter Judgment

Plaintiff moves to alter judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  Under Rule 59(e) there are "three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Association For Disabled Americans, Inc. v. Amoco Oil Co., 211 F.R.D. 457, 477 (S.D. Fla. 2002).  Plaintiff has failed to meet his burden under any of these three grounds.

Plaintiff asserts that the Court's prior ruling "was silent on unfairness issues raised in opposition to defendant's motion for summary judgment and was also silent on its violation of plaintiff's rights under the Seventh Amendment to the U.S. Constitution." Plaintiff's Motion, p. 1.  In his reply memorandum, Plaintiff states that he is not challenging the constitutionality of the Rule 56 summary judgment procedure, but rather that this Court is "obligated to answer the question of law of whether or not the district court in Anderson I violated Plaintiff's constitutional rights under the Seventh Amendment . . . ."  Reply at p. 4.  As Plaintiff acknowledges, the decision in Anderson I was affirmed by the Court of Appeals.  This Court cannot go back and undo what was done in Anderson I.

2

In addition, this Court need not address every argument raised by Plaintiff in this action. Upon consideration of the present motion, the Court denies the motion to alter judgment in that res judicata was properly invoked to grant summary judgment to Defendant in this action.

### B. Motion to Tax Costs

Defendant seeks to tax costs in the amount of $93.45 as a prevailing party pursuant to 28 U.S.C. § 1920 for the costs of copying of documents. Plaintiff opposes the motion because Defendant failed to confer in compliance with Local Rule 7.1.A.3. In reply, Defendant states that it did confer with Plaintiff, attaching an email from January 26, 2010 [DE 50-1]. However, as Plaintiff points out in his "Notification of Falsification of Document," Defendant eliminated the subject line of the email which references the state court action between these parties [DE 51]. The final entry of judgment in this case was made on February 16, 2010, after the date of the email.

The Court therefore concludes that Defendant failed to comply with Local Rule 7.1.A.3, which requires a pre-filing conference with the opposing counsel (or pro se party) before the filing of a motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Failure to comply is cause for the Court to deny the motion. There is no evidence that Defendant complied with the Local Rule.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Alter Judgment [DE 44] is hereby **DENIED**;

2.      Defendant's Motion to Tax Costs [DE 45] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of August, 2010.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

copies to:

Lennon Anderson, pro se

Steven A. Siegel, Esq.